ELMER PENDLEY v. STATE.

No. A.-7479.   Opinion Filed July 19, 1930.
(290 Pac. 340.)

Roy White, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter for convenience referred to as the defendant, was charged with selling or furnishing intoxicating liquor, was tried and convicted, and his punishment fixed at a fine of $50 and 30 days in jail, from which judgment the defendant has appealed.

The testimony on behalf of the state, in substance, shows that Roy and Floyd Sloan got in the car of the defendant in the town of Hanna and drove down near a place known as Winston's gin; that Arthur Kirkpatrick, an officer, came in sight, and the defendant drove back to the town of Hanna, and the two Sloan boys got out and started toward the depot; Kirkpatrick searched them and found two eight-ounce bottles of whisky.

The testimony further shows that the officer told the boys if they would tell the facts and make an affidavit as to the party from whom they secured the whisky he would turn them loose.  The officer then arrested the

defendant for furnishing or selling the whisky to the Sloan boys. Both the boys testifying they got the whisky from the defendant, and that the defendant was pouring it in the bottles when the officer, Kirkpatrick, came in sight.

The defendant denies furnishing the boys the whisky or having anything to do with it, but states he drove the boys down to the Winston gin, and they asked him to wait a little while for them, and they came back with the whisky. The conflict in the testimony between the Sloan boys and the defendant was a question for the jury to determine, and the jury decided that question in favor of the state.

The fifth assignment of error of the defendant is that the court erred in overruling his motion for a new trial. No authorities are cited in defendant's brief to sustain this proposition. After a careful reading and study of the evidence, we hold that there was sufficient evidence to warrant the jury in returning a verdict of guilty. Where there is a conflict in the testimony, this court will not disturb the verdict on the ground of the insufficiency of the evidence.

There are other errors discussed, but they are not sufficient to require a reversal. Finding no errors in the record of sufficient merit to warrant a reversal, the judgment is affirmed.

EDWARDS, P. J., concurs. CHAPPELL, J., not participating.